IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN UTAH COPPER COMPANY,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>BRIDGE LOAN CAPITAL FUND, LP, and<br>BLOC MANAGEMENT, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT<br><br><br><br><br><br>Case No. 2:10-CV-1039 TS |

This matter is before the Court on the Motion to Withdraw Reference to the Bankruptcy Court filed by Defendant Bridge Loan Capital Fund, LP ("Bridge Loan") and joined in by Defendant Bloc Management, LLC ("Bloc"). Defendants seek to withdraw the reference of this case to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On May 18, 2010, Plaintiff Western Utah Copper Company ("Western") filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court

1

for the District of Nevada. On July 8, 2010, that case was transferred to the United States Bankruptcy Court for the District of Utah. Plaintiff filed a Complaint against Defendants in an adversary proceeding in the Bankruptcy Court. The Complaint contains claims for violations of the Utah Securities Act, fraud, breach of fiduciary duty, and unjust enrichment. Plaintiff and Defendants have each requested a jury trial. Defendant Bridge Loan asserts that it is entitled to a jury trial under the Seventh Amendment on at least some of Western's claims, an assertion that has not been contested.

## II. DISCUSSION

28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[1] In considering whether a withdrawal of the reference is appropriate, the court looks to the following factors: whether the claim is a core proceeding,[2] judicial economy, convenience, the particular court's knowledge of the facts, uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial.[3]

The first issue is whether the claim is a core proceeding. The parties dispute whether this claim is a core proceeding. The Court finds that it is unnecessary to determine whether the claim

---

[1] 28 U.S.C. § 157(d). Plaintiff argues that the bankruptcy court can conduct a trial under 28 U.S.C. § 157(e). While this is true, § 157(e) requires the consent of all parties. Defendant does not consent to the bankruptcy court conducting a trial in this matter. Therefore, this provision is irrelevant to the discussion of this Motion.

[2] *In re Leedy Mort. Co., Inc.*, 62 B.R. 303, 306 (E.D. Pa. 1986).

[3] *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992).

is a core proceeding because parties are entitled to a jury trial on at least some of the claims under the Seventh Amendment. As this Court has stated, "regardless of whether the matter is core, or non-core, the district court must conduct the jury trial if it is required by the Seventh Amendment."[4]

Both parties argue that their position best serves the interests of judicial economy and convenience. The Court finds that withdrawal of the reference at this time is in the interests of judicial economy and convenience. As the parties both seem to recognize, the reference must eventually be withdrawn in order for trial to be held in this Court as Defendant does not consent to a jury trial before the Bankruptcy Court. The real dispute is whether the Court should exercise its discretion to withdraw the reference now, or at some later date. The Court finds that withdrawal of the reference now will conserve judicial resources and will avoid duplication of efforts in this Court and the Bankruptcy Court.

The Court next considers the particular court's knowledge of the facts. Defendants argue that this matter involves theories that are not presently recognized under Utah law and that such claims are not generally heard in the Bankruptcy Court. Defendants argue that, based on its knowledge of Utah law, this Court is in the best position to consider these claims. Plaintiff argues, however, that the Bankruptcy Court is very familiar with the parties and their respective positions. Therefore, Plaintiff argues that the Bankruptcy Court is in the best position to oversee pre-trial matters. The Court finds that this Court's knowledge of Utah law warrants withdrawal at this time. If, as Defendants suggest, this matter involves novel and complex theories of Utah

---

[4]*In re Concept Clubs, Inc.*, 154 B.R. 581, 585 (D. Utah 1993).

law, the Court believes that it is in the best position to resolve them. While the Bankruptcy Court is undoubtedly familiar with the parties in this action, this matter involves the consideration of issues not generally addressed by the Bankruptcy Court, a factor that weighs in favor of removal of the reference.

The issue of conservation of debtor and creditor resources is closely related to the issues discussed above. As stated, the Court believes that withdrawing the reference in this circumstance will conserve resources and avoid duplication of efforts. Therefore, this factor weighs in favor of withdrawing the reference.

The final factor to be considered is whether the parties requested a jury trial. Here, both parties have requested a jury trial. Thus, this factor weighs in favor of withdrawing the reference.

Based on a consideration of all of these factors, the Court finds that withdrawal of the bankruptcy reference is appropriate in this case and Defendant's Motion will be granted.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Bloc's Motion for Joinder (Docket No. 4) is GRANTED. It is further

ORDERED that Defendant Western's Motion to Withdraw Reference to the Bankruptcy Court (Docket No. 2) is GRANTED.

The hearing set for January 11, 2011, is STRICKEN.

DATED   January 6, 2011.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge